Filed 2/3/21  P. v. Trujillo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C091132 |
| Plaintiff and Respondent, | (Super. Ct. No. 15F704) |
| v. | |
| CHRISTOPHER ANDREW TRUJILLO, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Christopher Andrew Trujillo filed an opening brief setting forth the facts of the case and asking this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

BACKGROUND

Defendant was found in his former girlfriend's residence with her car keys and credit card in his possession and her things in disarray. In March 2015, defendant was charged with one count of residential burglary, in violation of Penal Code section 459.[1] The information further alleged two prior prison term enhancements under section 667.5, subdivision (b). Pursuant to a negotiated plea agreement, the information was amended to charge defendant with the additional count of felony grand theft (§ 487, subd. (a)), and defendant pleaded guilty to that count. In exchange for defendant's guilty plea, the remaining burglary charge and enhancement allegations were dismissed. Defendant stipulated that the value of the property was greater than $950. The factual basis for the plea was based on the police report.[2]

Defendant subsequently filed a motion to withdraw his plea. His motion was based on purported new evidence regarding the original burglary charge as well as the grand theft charge to which he pleaded guilty. The court denied his motion on February 22, 2016.

The trial court suspended imposition of sentence for three years and granted defendant probation. His probation conditions included 312 days in county jail with 312 days' credit for time served. The court ordered defendant to pay a conviction assessment of $30, a court operations assessment of $40, a $39 crime prevention fine, and a restitution fine of $300, with an additional $300 probation revocation fine, which was stayed pending successful completion of probation.

On April 6, 2017, defendant admitted to violating his conditions of probation by having failed to sign up for orientation and for leaving Shasta County without permission

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    The police report is not part of the record on appeal. In his brief, defendant summarized the facts related to the offense as set out in the probation report.

2

while keeping his whereabouts unknown. Defendant's probation was revoked, reinstated, and extended for one year to February 21, 2020. He subsequently admitted to violating his conditions of probation by having failed to report to probation in writing for the months of May and June. On August 17, 2017, defendant's probation was revoked and reinstated with the same terms and conditions and credit for time served.

On February 26, 2018, the court denied defendant's motion for transfer of his case to Lassen County because the Lassen County Probation Department had been unable to verify his address. The court ordered defendant to report to probation within 30 days.

On March 1, 2018, the Shasta County Probation Department filed a revocation petition alleging that Lassen County had been unable to contact defendant or find indicia that he lived at the address he reported and that defendant had not reported an alternate address and had not submitted monthly written reports to Shasta County probation. Defendant admitted the allegations in the revocation petition. On October 16, 2019, the court revoked defendant's probation and sentenced him to the upper term of three years. (§ 1170, subd. (h)(5)(A).) The court detailed the summary of defendant's probation violations as outlined in the probation report and cited the aggravating factors set out in the probation report filed on June 12, 2015, to support its upper term decision. The court imposed the previously stayed $300 probation revocation fine, imposed and stayed a $300 parole revocation fine, and applied the previously imposed fines and fees. The court awarded custody credit in the amount of 504 days (252 actual and 252 conduct).

Defendant's counsel filed a timely notice of appeal limited to sentencing. Defendant also filed a pro se notice of appeal on the same day, requesting a certificate of probable cause based on new evidence. The court denied his request.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.

3

(*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.

_____/s/_____

BLEASE, Acting P. J.

We concur:

_____/s/_____

HULL, J.

_____/s/_____

MURRAY, J.